2025 IL App (1st) 232308-U

No. 1-23-2308

Order filed October 22, 2025

Third Division

**NOTICE:** This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

IN THE

APPELLATE COURT OF ILLINOIS

FIRST DISTRICT

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from the |
| | ) | Circuit Court of |
| Plaintiff-Appellee, | ) | Cook County. |
| | ) | |
| v. | ) | No. 20 CR 12030 |
| | ) | |
| ROOSEVELT WINDING, | ) | Honorable |
| | ) | Steven G. Watkins, |
| Defendant-Appellant. | ) | Judge, presiding. |

JUSTICE LAMPKIN delivered the judgment of the court.
Presiding Justice Martin and Justice Reyes concurred in the judgment.

**ORDER**

¶ 1    *Held*:   Defendant's appeal is dismissed for lack of jurisdiction.

¶ 2    On June 7, 2023, defendant Roosevelt Winding pled guilty to one count of aggravated unlawful use of a weapon (AUUW) based on his lack of a valid Firearm Owner's Identification (FOID) card and, based on a prior felony conviction, was given an extended-term sentence of eight years in the Illinois Department of Corrections. On October 5, 2023, defendant filed a petition for postconviction relief pursuant to the Post-Conviction Hearing Act (the Act) 725 ILCS 5/122-1 *et*

*seq.* (West 2022), alleging the unconstitutionality of his conviction. Defendant now argues that the trial court failed to rule on his petition within 90 days. Alternatively, he argues for the first time on appeal that, independent of his petition, the statute under which he was convicted is facially unconstitutional.

¶ 3    For the reasons that follow, we dismiss defendant's appeal because we lack jurisdiction.[1]

¶ 4                                    I. BACKGROUND

¶ 5    On November 18, 2020, defendant was charged with one count of armed habitual criminal (720 ILCS 5/24-1.7(a) (West 2020)); one count of AUUW based on the firearm being uncased, loaded, and immediately accessible at the time of the offense without possessing a valid Concealed Carry License (CCL) (720 ILCS 5/24-1.6(a)(1), (3)(A-5) (West 2020)); one count of AUUW based on failing to have a FOID card (720 ILCS 5/24-1.6(a)(1), (3)(C) (West 2020)); and one count of UUW by a felon (720 ILCS 5/24-1.1(a) (West 2020)).

¶ 6    On June 7, 2023, defendant pled guilty to AUUW based on his possession of a firearm without a FOID card. The State proffered a factual basis which maintained that defendant was arrested on October 1, 2020. Officers observed defendant "clutching a weighted L-shaped object in his hoodie pocket." Defendant fled when officers approached him. When the officers caught up to defendant, he was holding a semiautomatic pistol in his hand that he initially refused to surrender. After the weapon was recovered, officers discovered it was loaded with live rounds. Finally, the State proffered that defendant did not possess a FOID card or a CCL, and that

---

[1]In adherence with the requirements of Illinois Supreme Court Rule 352(a) (eff. July 1, 2018), this appeal has been resolved without oral argument upon the entry of a separate written order.

defendant was previously convicted of armed robbery under case number 13 CR 17713. The trial court sentenced defendant to eight years' imprisonment.

¶ 7      On September 8, 2023, defendant filed a motion to vacate his conviction which claimed that his conviction was unconstitutional pursuant to *People v. Aguilar*, 2013 IL 112116, ¶¶ 21-22 (the former version of the AUUW statute operated as a comprehensive ban on the right to bear arms and was facially unconstitutional), and *People v. Mosley*, 2015 IL 115872, ¶ 25 (extending *Aguilar*'s holding to possession of a firearm on a public way). On September 18, 2023, the trial court denied defendant's motion.

¶ 8      On October 5, 2023, defendant filed a petition for postconviction relief using a fillable printed form titled "Illinois Petition for Postconviction Relief Form." Attached to that form were two handwritten pages that once again claimed his conviction was unconstitutional based on *Aguilar* and *Mosley*. Defendant's petition was signed and notarized on September 21, 2023, and defendant's proof of service stated that his petition was placed in the mail on September 21, 2023, as well.

¶ 9      On October 19, 2023, the trial court entered a ruling while on the record, stating, "The Court is in receipt of defendant's *pro se* motion to vacate judgment, vacate conviction. This was filed on 9-18. The Court entered a ruling that *Aguilar* does not apply and his motion is denied."

¶ 10      On October 23, 2023, defendant wrote a letter to the trial court requesting information about the status of his postconviction hearing that took place on October 19, 2023. On December 7, 2023, defendant filed a motion for leave to file a late notice of appeal, which we granted. Defendant's notice of appeal listed the trial court's October 19, 2023, judgment as the judgment being appealed and listed the nature of the appeal as "postconviction."

¶ 11                                    II. ANALYSIS

¶ 12     On appeal, defendant argues that the trial court failed to rule on his postconviction petition within the statutorily-required 90-day period and that we should remand defendant's petition for second-stage proceedings. Alternatively, he raises for the first time on appeal the argument that the AUUW statute under which he was convicted is facially unconstitutional under *New York State Rifle & Pistol Ass'n, Inc. v. Bruen*, 597 U.S. 1 (2022). We need not reach either of these issues because we lack the jurisdiction to consider defendant's appeal.

¶ 13     A reviewing court has a duty to ascertain its own jurisdiction before proceeding in an action on appeal, and we must dismiss an appeal if jurisdiction is lacking. *In re Estate of Mivelaz*, 2021 IL App (1st) 200494, ¶ 60. Section 6 of Article VI of the Illinois Constitution and Illinois Supreme Court Rule 651(a) govern this court's jurisdiction over a postconviction appeal. Ill. Const. 1970, art. VI, § 6; Ill. S. Ct. R. 651(a) (eff. July 1, 2017). However, in postconviction cases, our jurisdiction extends only to appeals from final judgments. Ill. Const. 1970, art. VI, § 6; Ill. S. Ct. R. 651(a) (eff. July 1, 2017); *People v. Brown*, 2023 IL App (2d) 220334, ¶ 23.

¶ 14     It is well-settled that a final judgment is a determination by the trial court on the issues presented by the pleadings which ascertains and fixes absolutely and finally the rights of the parties in the lawsuit. *Brown*, 2023 IL App (2d) 220334, ¶ 24. A judgment is considered final and appealable if it determines the litigation on the merits such that the only thing remaining is to proceed with execution of the judgment. *Id*. Thus, an order which leaves the cause still pending and undecided is not a final order for the purposes of an appeal. *Id*.

¶ 15     In this case, the trial court's judgment from which defendant appeals was not a final order because it is impossible to determine what the trial court actually reviewed and ruled upon. The

trial court's October 19, 2023 ruling referenced defendant's "motion to vacate judgment, vacate conviction." It also stated that the pleading it was reviewing was filed on September 18, 2023. However, nothing in the record before us was filed on September 18, 2023. Defendant's motion to vacate his conviction was filed on September 8, 2023, and his postconviction petition was not signed, notarized, and placed in the mail until September 21, 2023, and it was not filed until October 5, 2023. Based on the trial court's statements, it was reviewing a pleading that does not exist. The trial court's written docket entry for October 19, 2023, is of no help, either, as it only stated, "Order of 9/18/23 to stand. Aguilar does not apply."

¶ 16 If it is impossible to know what the trial court was reviewing, then we cannot determine whether the trial court's October 19, 2023 ruling was a final judgment because the trial court's order left pending matters undecided and did not absolutely and finally fix the rights of the parties. *Brown*, 2023 IL App (2d) 220334, ¶ 24. In other words, it would be illogical to hear an appeal where we are asked to reverse a ruling that defendant himself insists never actually occurred—and where the record supports the conclusion that the ruling never took place.

¶ 17 Thus, we lack the jurisdiction to hear defendant's claim regarding his postconviction petition because the order in question was not a final order. It follows from this that it appears defendant's petition is still pending and awaiting a ruling. While we make no judgment about the merits of the petition or the arguments presented to us, it would be incumbent on the trial court to comply with the strictures of the Act.

¶ 18 Secondarily, we must address defendant's claim that he raises for the first time on appeal that the portion of the AUUW statute under which he was convicted is facially unconstitutional. A void judgment may be attacked at any time, and such challenges are not subject to forfeiture. *In re*

*N.G.*, 2018 IL 121939, ¶¶ 56-57. However, such challenges to a facially invalid statute must also be raised "through an appropriate pleading in a court possessing jurisdiction over the parties and the case." *Id*. ¶ 57.

¶ 19   If defendant's notice of appeal regarding the trial court's order in question does not confer jurisdiction on this court, then it would follow that defendant's appellate brief raising this claim for the first time is not "an appropriate pleading in a court possessing jurisdiction over the parties and the case." *Id*. However, that does not preclude defendant from raising his claim in a different manner such as through the Act or through a petition for relief from judgment under section 2-1401 of the Code of Civil Procedure. 735 ILCS 5/2-1401 (West 2024).

¶ 20                                  III. CONCLUSION

¶ 21   For the foregoing reasons, we dismiss defendant's appeal for lack of jurisdiction.

¶ 22   Appeal dismissed.